MICHELE BECKWITH
Acting United States Attorney
R. ALEX CARDENAS
ADRIAN T. KINSELLA
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

**FILED**

Mar 13, 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DOROTEO SUASTEGUI, <br><br> Defendant. | CASE NO. 2:25-cr-0064 DAD <br><br> 21 U.S.C. § 841(a)(1) – Distribution of Methamphetamine; 21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Cocaine; 21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Methamphetamine; 18 U.S.C. § 922(a)(1)(A) – Unlawful Dealing in Firearms; 21 U.S.C. § 853(a), 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) – Criminal Forfeiture |

I N D I C T M E N T

COUNT ONE: [21 U.S.C. § 841(a)(1) – Distribution of Methamphetamine]

The Grand Jury charges: T H A T

DOROTEO SUASTEGUI,

defendant herein, on or about January 8, 2025, in the County of Solano, State and Eastern District of California, did knowingly and intentionally distribute or manufacture at least 50 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT TWO: [21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Cocaine]

The Grand Jury further charges: T H A T

DOROTEO SUASTEGUI,

defendant herein, on or about February 27, 2025, in the County of Solano, State and Eastern District of

California, did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT THREE: [21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Methamphetamine]

The Grand Jury further charges: T H A T

DOROTEO SUASTEGUI,

defendant herein, on or about February 27, 2025, in the County of Solano, State and Eastern District of California, did knowingly and intentionally possess with intent to distribute at least 50 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT FOUR: [18 U.S.C. § 922(a)(1)(A) – Unlawful Dealing in Firearms]

The Grand Jury further charges: T H A T

DOROTEO SUASTEGUI,

defendant herein, beginning on or about March 12, 2024, and continuing through on or about February 27, 2025, in the County of Solano, State and Eastern District of California, not being a licensed dealer of firearms, as described in Title 18, United States Code, Section 923, did willfully engage in the business of dealing in firearms, in violation of Title 18, United States Code, Section 922(a)(1)(A).

FORFEITURE ALLEGATION: [21 U.S.C. § 853(a), 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) – Criminal Forfeiture]

1. Upon conviction of one or more of the offenses alleged in Counts One through Three of this Indictment, defendant DOROTEO SUASTEGUI shall forfeit to the United States pursuant to Title 21, United States Code, Section 853(a), the following property:

    a. Any real or personal property, which constitutes or is derived from proceeds obtained, directly or indirectly, as a result of such offenses; and any property used, or intended to be used, in any manner or part to commit or to facilitate the commission of the offenses.

    b. A sum of money equal to the total amount of proceeds obtained as a result of the offenses, for which defendant is convicted.

2. Upon conviction of the offense alleged in Count Four of this Indictment, defendant

1  DOROTEO SUASTEGUI shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing or wilfull commission of the offense.

3. If any property subject to forfeiture, as a result of the offenses alleged in Counts One through Four of this Indictment, for which defendant is convicted:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of defendant, up to the value of the property subject to forfeiture.

A TRUE BILL.

/s/ **Signature on file w/AUSA**

_____
FOREPERSON

_/s/ Michele Beckwith_
MICHELE BECKWITH
Acting United States Attorney

*No.* 2:25-cr-0064 DAD

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

## THE UNITED STATES OF AMERICA
vs.

## DOROTEO SUASTEGUI

### I N D I C T M E N T

**VIOLATION(S):** 21 U.S.C. § 841(a)(1) – Distribute Methamphetamine
21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Cocaine
21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Methamphetamine
18 U.S.C. § 922 (a)(1)(A) – Unlawful Dealing in Firearms
21 U.S.C. § 853(a), 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) – Criminal Forfeiture

*A true bill,*   **/s/ Signature on file w/AUSA**

_____
*Foreman.*

*Filed in open court this* __13th__ *day*

*of* __March__ , *A.D. 20* __25__

_____/s/ R. Alvarez_____
*Clerk.*

*Bail, $* __No Process Needed__

[signature]

GPO 863 525

<u>United States v. Suastegui</u>
**Penalties for Indictment**

**Defendant**
Doroteo Suastegui

**COUNT 1**

| | |
|---|---|
| VIOLATION: | 21 U.S.C. § 841(a)(1) – Distribution of at least 50 grams of methamphetamine (actual) |
| PENALTIES: | Mandatory minimum of 10 years in prison and up to life in prison; or Fine of up to $10,000,000; or both fine and imprisonment Supervised release of at least 5 years and up to life |
| SPECIAL ASSESSMENT: | $100 (mandatory) |

**COUNT 2**

| | |
|---|---|
| VIOLATION: | 21 U.S.C. § 841(a)(1) – Possession with intent to distribute a mixture or substance containing cocaine |
| PENALTIES: | Not more than 20 years in prison; or Fine of up to $1,000,000; or both fine and imprisonment Supervised release of at least 3 years |
| SPECIAL ASSESSMENT: | $100 (mandatory) |

**COUNT 3**

| | |
|---|---|
| VIOLATION: | 21 U.S.C. § 841(a)(1) – Possession with intent to distribute at least 50 grams of a mixture and substance containing methamphetamine |
| PENALTIES: | Mandatory minimum of 5 years in prison and up to 40 years in prison; or Fine of up to $5,000,000; or both fine and imprisonment Supervised release of at least 4 years and up to life |
| SPECIAL ASSESSMENT: | $100 (mandatory) |

**COUNT 4**

| | |
|---|---|
| VIOLATION: | 18 U.S.C. § 922(a)(1)(A) – Illegal Firearms Dealing |
| PENALTIES: | Imprisonment of up to 5 years; or |

                                 Fine of up to $250,000; or both fine and imprisonment
                                 Supervised release of up to 3 years

SPECIAL ASSESSMENT:   $100 (mandatory)

**FORFEITURE ALLEGATION**

VIOLATION:                21 U.S.C. § 853(a), 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) – Criminal Forfeiture

PENALTIES:               As stated in the charging document